Criminal law ⊜⟹742(2)—Whether witnesses, to whom accused had sold and delivered alleged stolen property under unusual circumstances, were accomplices held for jury.

In prosecution for theft of sacks of sugar, whether witnesses, to whom accused had sold and delivered sugar in 100-pound sacks in middle of night, were accomplices *held* for jury.

Appeal from District Court, De Witt County; John M. Green, Judge.

R. C. Gibson was convicted of theft, and he appeals. Reversed and remanded.

Bagby & Kacir, of Hallettsville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of De Witt county of theft; punishment fixed at five years in the penitentiary.

Appellant was convicted of the theft of a number of sacks of sugar. By reason of aid furnished appellant in the disposition of said sugar three other parties were indicted for complicity in the sugar transaction. On the night after the alleged theft, appellant, in company with one of the three parties above referred to, sold several sacks of the stolen sugar to Baker, Mendez, and Sinclair. The sugar was delivered by appellant to said parties at a late hour in the night, and under circumstances apparently well calculated to excite suspicion, if not create conviction of the fact that the sugar was not being handled in the usual and ordinary way that sugar is sold. The three men who bought these sacks of sugar were used as witnesses against appellant. He reserved an exception to the court's charge for not submitting to the jury the question as to whether said purchasers were accomplices, and presented to the court a special charge seeking to have the issue thus submitted.

We think the learned trial judge fell into error in not submitting this issue to the jury. The question of corroboration of the accomplices was necessarily a serious issue, and the state appears to have depended to some extent upon the testimony of said three purchasers to furnish corroboration of the men who aided appellant in the concealment and disposition of the sugar. Whether they were accomplices or not, under the facts of this case, would seem to be an issue for the jury, and one which the court should not have undertaken to decide himself. Appellant was not in the grocery business and not ordinarily a seller of sugar. The de-

livery of sugar in 100-pound sacks in the middle of the night would seem well calculated to make an ordinary man question the right of the seller, and the fact issue thus raised as to whether these men were accomplices would seem appropriate for decision only by the jury. Believing the trial court erred in this matter, the judgment will have to be reversed. This is practically the only question raised and insisted upon on the appeal.

For the error mentioned, the judgment will be reversed and the cause remanded.

---

## PHŒNIX v. STATE. (No. 9994.)

(Court of Criminal Appeals of Texas. March 10, 1926.)

1. Criminal law ⊜⟹450—In prosecution for unlawfully carrying bowie knife, officer's testimony that knife with blade over 3½ inches long was against law, and that accused's knife was manufactured for offense and defense, was improper.

In prosecution for unlawfully carrying a bowie knife, officer's testimony that a knife with a blade over 3½ inches long was against the law, and that the accused's knife was manufactured for offense and defense, was improper.

2. Weapons ⊜⟹17(6)—Charge to find accused guilty of unlawfully carrying bowie knife, if he carried knife manufactured and sold for offense and defense, was improper.

Charge to convict of unlawfully carrying bowie knife, if jury believed beyond reasonable doubt that accused carried knife manufactured and sold for purposes of offense and defense, was improper.

3. Weapons ⊜⟹17(4)—Evidence held insufficient to sustain conviction of unlawfully carrying "bowie knife"; the knife not being one worn on the person, but one carried in the pocket, "a pocket knife."

Evidence *held* insufficient to sustain conviction of unlawfully carrying a "bowie knife"; the knife being one with folding blades intended to be carried in the pocket, "a pocket knife," not one intended to be worn on the person.

Appeal from Washington County Court; J. H. Chappell, Judge.

Herman Phœnix was convicted of unlawfully carrying a bowie knife, and he appeals. Reversed and remanded.

A. W. Hodde, of Brenham, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Conviction in county court of Washington county for unlawfully carrying a bowie knife; punishment fixed at 30 days in the county jail.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1-3] There is no description in the information of the weapon alleged to have been unlawfully carried by appellant, save that it was a bowie knife. The question as to whether it was in fact and in law a bowie knife must control our decision. Much that transpired on the trial of this case was a transgression of the rules of procedure, but appellant did not except to same. For instance, an officer was permitted to state to the jury that a knife having a blade over 3½ inches long was against the law, and that the knife in question was manufactured for purposes of offense and defense. Following this testimony the court told the jury in his charge to find appellant guilty, if they believed beyond a reasonable doubt that he carried on and about his person a knife manufactured and sold for purposes of offense and defense. None of this should have been done. The court told the jury further that, if appellant carried a bowie knife, to find him guilty, and gave them the definition of a bowie knife laid down in article 1027 of Branch's Annotated P. C., which is:

"Any knife intended to be worn upon the person which is capable of inflicting death and not commonly known as a pocket knife."

The dictionaries accessible to this court define a pocket knife as:

"A knife with one or more blades which fold into the handle so as to admit of being carried in the pocket."

Webster's International Dictionary defines a bowie knife as:

"A knife with a strong blade from 10 to 15 inches long, double edged near the point; used as a hunting knife and formerly as a weapon in the southwestern part of the United States. Also by extension, any large sheath knife."

Bearing in mind the definition of the statute above referred to, as well as the definitions by the lexicographers, we observe that a pocket knife has a folding blade or blades and "is carried" in the pocket, and this must be distinguished from a knife "intended to be worn on the person," which was to some extent worn as a weapon or for hunting purposes when this statute was enacted in 1871. No witness testified that the knife in question was other than a knife having a folding blade or blades, or that it was not commonly known as a pocket knife, or that it was a knife "intended to be worn on the person" and not carried in the pocket. That death can be inflicted with a pocket knife is unquestioned, and we do not understand the statute referred to to make the question of whether death can be inflicted with a knife, a distinguishing characteristic; it must go further and be a knife "intended to be worn on the person" and not commonly known as a pocket knife. A knife in a sheath or case may be "worn on the person," but a knife with folded blades is never described as "worn," but is carried in the pocket. The officer who arrested appellant said he had the knife closed in his pocket at the time.

Believing that from the testimony in this case the knife in question was not one "intended to be worn on the person," but that, on the contrary, it was a knife with folding blades intended to be carried in the pocket, and was therefore such knife as is commonly known as a pocket knife, it must follow, in our opinion, the judgment is unsupported by the testimony, and that the cause for this reason must be reversed and remanded, and it is so ordered.